ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CONTRACT DISPUTES ACT CONTRACT CLAIM

FILED
OCT 27 2006
U.S. COURT OF FEDERAL CLAIMS

LAURELWOOD HOMES LLC

Plaintiff,

v.

THE UNITED STATES GOVERNMENT

Defendant

No. 06-734 C

Judge__________

COMPLAINT

Plaintiff, by and through undersigned counsel, respectfully files this Complaint and alleges as follows:

This is a Contract Disputes Act claim appealing the final decision of a contracting officer involving damages incurred by Plaintiff as the result of vandalism to Plaintiff's property for which Defendant is contractually responsible. For a period of more than 17 years, an unbroken succession of contracting officers for Defendant have interpreted the contract between Plaintiff and Defendant in a manner that is consistent with Plaintiff's interpretation with regard to Defendant's responsibility for costs associated with vandalism to Plaintiff's property. However, the most recent contracting officer has now chosen to interpret the contract differently and deny Defendant's liability. This complaint and appeal follows.

## PARTIES

1. Plaintiff, Laurelwood Homes LLC ("Laurelwood" or "plaintiff") is a woman-owned small business and a Delaware limited liability company with a principal place of business at 323 West Comstock Street, Seattle, Washington 98119.

2. Defendant is the United States Government acting by and through the Department of the Navy, Naval Facilities Engineering Command, Atlantic, 6506 Hampton Boulevard, Norfolk, Virginia 23508-1278 (the "Navy" or "defendant").

## JURISDICTION

3. This Court has jurisdiction of this action under 41 U.S.C. 603 and 28 U.S.C. § 1491. This action is based on a written contract between the parties, Lease Number N62472-86-RP-00209 (the "Lease").

## FACTS

4. On or about October 24, 1988, the parties entered into what is known as Supplemental Agreement Number 3 to lease documents numbered N62472-86-RP-00209 for the lease of certain real property on Naval Weapons Station Earle that is used for housing authorized military personnel (the "Outlease").

5. On or about April 30, 1990, the parties executed Exhibit D to the Outlease for the lease, for a 20 year period, of improvements constructed by plaintiff on the real property (the "Inlease").

6. The improvements which are residential housing are located inside the guarded gates at Naval Weapons Station Earle and access is controlled completely and strictly by the Navy.

7. Article XVI A. of the Inlease states: "[t]his Agreement is subject to the Contract Disputes Act of 1978 (41 U.S.C. 601-613) (the Act)."

8. Article IX of the Inlease states in its entirety:

> The Developer shall in any event and without prejudice to any other rights of the Government bear responsibility for loss or damage by fire; lightning; storm; tempest; explosion; impact; aircraft; riot; civil commotion; bursting or overflowing of water tanks, apparatus or pipes; flood; labor disturbances; earthquake; malicious damage (other than Government-caused) or any other casualty or act of God; and shall maintain at the expense of the Developer at all times during the term of this Inlease insurance coverage against the risks enumerated above with a reputable insurance company and shall ensure that the Government is named as a co-insured on any such policy. In no circumstances will the Developer be entitled to assign to any third party rights of action which Developer may have against the Government.

9. Part II E.2. of the Outlease states in its entirety:

> During any period covered by the Inlease, the Government shall also furnish, at no cost to the LESSEE, fire protection, police protection, snow removal on the roads, and refuse collection.

10. From the execution of the Lease through April 10, 2006, the Navy had consistently paid for vandalism occurring on the Laurelwood property generally consisting of destroyed vegetation, broken doors and windows, and internal damage to housing units.

11. On numerous recent occasions, the president of Laurelwood had written letters to the Navy, including the authorized contracting officer and the head of security on Naval Weapons Station Earle to express concern about the incidents of vandalism occurring at the Laurelwood property.

12. By invoice submissions of April 11, 2006, June 5, 2006, and July 28, 2006, Laurelwood submitted requests for payment of $13,659.50, plus interest, for vandalism

caused by individual(s) on the Laurelwood property with the exclusive permission of the government.

13. By letter of August 22, 2006, Mr. Matthew D. Kurtz, Real Estate Contracting Officer notified Laurelwood that it would not pay for the vandalism damage.

14. On August 23, 2006, Laurelwood, through counsel, submitted a formal Contract Disputes Act claim to Mr. Kurtz in the amount of $13,659.50, plus interest.

15. By letter of September 5, 2006, Laurelwood notified Mr. Kurtz that it had been apprised that certain individuals had been apprehended by the security office at Naval Weapons Station Earl. Based on information and belief, those individuals are responsible for some of the vandalism at the Laurelwood property and that the Navy is currently obtaining payment from them for the damages caused.

16. By letter dated October 3, 2006, and received by counsel to Laurelwood on October 10, 2006, Ms. Frances M. Hoover, Real Estate Contracting Officer, issued a final decision on Laurelwood's claim and denied the claim in its entirety.

17. In the same letter dated October 3, 2006, Ms. Hoover stated:

> Based on the provisions of the leasing documents as set forth above, responsibility for damages resulting from vandalism rests with Laurelwood, and the Navy is not responsible for paying the invoices at issue. For the same reasons, past payments to Laurelwood for vandalism damages were made in error, and the Contracting Officer hereby determines that $39,060.89 is due and owing to the Navy for those erroneous payments.

**COUNT 1**

18. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 as if fully stated herein.

19. The unambiguous terms of the Lease, as interpreted by responsible officials of both parties for more than 17 years requires the Navy to compensate Laurelwood for

vandalism damage caused by individuals on the Laurelwood property with the exclusive permission of the Navy.

20. Laurelwood properly submitted a request for payment for vandalism damage to its property in the amount of $13,659.50.

21. The Navy rejected that request for payment.

22. Laurelwood filed a claim with the Navy's contracting officer for the vandalism damage in the amount of $13,659.50.

23. The Navy's contracting officer has issued a final decision on that claim and has denied it.

24. Pursuant to the terms of the Lease, the Navy is responsible for the vandalism damage in the amount of $13,659.50, plus interest.

25. This appeal is timely filed having been filed within 365 days from the date of receipt of the Navy's final decision.

**COUNT 2**

26. Plaintiff repeats and realleges the allegations in paragraphs 1 through 25 as if fully stated herein.

27. The unambiguous terms of the Lease, as interpreted by responsible officials for of both parties for more than 17 years requires the Navy to compensate Laurelwood for vandalism damage caused by individuals on the Laurelwood property with the exclusive permission of the Navy.

28. Laurelwood, over the course of more than 17 years has properly submitted requests for payment for vandalism damage to its property in the government-determined amount of $39,060.89.

29. The Navy, acting through duly authorized contracting officers, has consistently paid each and every claim for vandalism damage from the date of execution of the Lease through April 11, 2006.

30. The Navy's current contracting officer has issued a final decision and asserted a claim for the return of $39,060.89 in money for damages previously authorized and paid by contracting officers with the authority to do so.

31. The claim by the Navy has no merit and is inconsistent with the plain reading of the Lease and the interpretation of the Lease by authorized government officials.

32. This appeal is timely filed having been filed within 365 days from the date of receipt of the Navy's final decision.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Laurelwood Homes LLC hereby respectfully requests the following relief:

1. That the Court award plaintiff the amount of $13,659.50 plus interest for vandalism damage to its property.

2. That the Court deny defendant's claim for $39,060.89 for previously paid damages for vandalism at the Laurelwood property.

3. That the Court award plaintiff the costs of pursuing this claim; and

4. That the Court provide such other relief as the Court may deem just and proper.

Respectfully submitted,

William A. Shook
Preston Gates Ellis
& Roulvelas Meeds LLP
1735 New York Avenue NW
Suite 500
Washington, D.C. 20006
Telephone 202 661 6256
Facsimile 202 331 1024
Email: billsh@prestongates.com

Date: October 26, 2006