IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAUREL WOOD HOMES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-734C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLAINTIFF'S MOTION FOR REDUCTION IN ENLARGEMENT OF TIME

Plaintiff respectfully requests that the Court modify its Order of December 15, 2006, granting Defendant's Motion for Extension of Time to Answer, filed on December 15, 2006, by reducing the enlargement of time to thirty days in which to file an Answer.

Plaintiff, a small business concern, filed its claim with the Navy contracting officer on August 23, 2006 as a result of the Navy's stated refusal to pay invoices properly submitted for vandalism damage caused by the Government to its property on Naval Weapons Station Earle. The contracting officer, presumably with the assistance of Navy legal counsel, denied that claim 48 days later on October 10, 2006, and furthermore notified Plaintiff that it would be seeking restitution for vandalism damage claims that had been properly authorized and paid by Navy contracting officers during the term of Plaintiff's lease.

Plaintiff filed its appeal of that denial and request for restitution in this Court 16 days later on October 26, 2006. The Court issued the parties "SPECIAL PROCEDURES ORDER" on November 9, 2006. Paragraph 4 of that Special Procedures Order states: "[t]he court intends to follow precisely any schedule established in the case and to apply strictly the rules regarding request for enlargements of time and stays of proceedings."

Paragraph 4.a.ii.2. states: "[t]he burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically."

As stated in Defendant's motion, the need for the enlargement of time is based on the Navy's failure to assign counsel to the case until 47 days after the case was filed – 13 days before the Answer was due pursuant to the long-established Rules of the United States Court of Federal Claims. Defendant further states that the Navy's counsel is only now obtaining the contract files—files that would have been gathered, at least by the Navy's contracting officer and most likely by the Navy's counsel in assisting the contracting officer, when the Navy reviewed and denied Plaintiff's claim and issued a notice seeking restitution of damages previously paid. Defendant also states that the files are "voluminous" because they pertain to a 17-year lease. Of note, the lease has only been modified 56 times in 17 years with most of the modifications being just a few pages long. Plaintiff's claim is neither large in dollar value nor legally complicated and can be expected to be resolved by the interpretation of a few relevant paragraphs in the lease.

While counsel for Plaintiff appreciates the work load of counsel for Defendant, her stated absence from the office "December 4-8 for a training seminar," prior to the Navy even assigning counsel to the matter on December 12 would appear to not qualify as good cause shown for an extension of time of 60 days. Defendant's counsel with the assistance of the now-assigned Navy's counsel should certainly be able to answer Plaintiff's Complaint in a time period shorter than 120 days when it has been before the Navy since the submission of the first invoice in dispute, which was 8 months ago.

THEREFORE, Plaintiff respectfully requests that the Court modify its Order of December 15, 2006 in response to Defendant's Motion of December 15, 2006 and limit the enlargement of time to 30 days.

Respectfully submitted,

s/ William A. Shook
William A. Shook
Preston Gates Ellis
& Rouvelas Meeds LLP
1735 New York Avenue NW
Suite 500
Washington, D.C. 20006

Date: December 18, 2006