IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAURELWOOD HOMES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-734C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR AN ENLARGEMENT OF TIME

Plaintiff respectfully requests that the Court deny Defendant's second Motion for an Enlargement of Time. Plaintiff would not oppose an Enlargement of time of seven days.

On December 15, 2006, this Court granted Defendant's first Motion for an Enlargement of Time. When counsel for Defendant contacted counsel for Plaintiff concerning the first request for enlargement, counsel for Plaintiff informed counsel for Defendant that they would oppose the request but would be willing to meet at counsel for Defendant's convenience to discuss possible settlement. Counsel for Defendant finally agreed to a meeting to discuss settlement on January 26, 2007. Contrary to counsel for Defendant's statement in the second "Defendant's Motion For An Enlargement Of Time" that "[r]ecently plaintiff's counsel has informed defendant's counsel that plaintiff would not agree to the position established in our prior settlement discussions", there was *no* agreement on a position established in that settlement discussion. Indeed, at that single meeting, counsel for Plaintiff specifically informed counsel for Defendant that he did not have settlement authority from the Plaintiff but would discuss the matter further with his

client. No further discussions were held between counsel for Defendant and counsel for Plaintiff until February 20, 2006.

Plaintiff respectfully requests that Defendant be required to answer Plaintiff's complaint which was filed in this Court on October 26, 2006, and with the agency on August 23, 2006. After 187 days of consideration, the government should be able to "state in short and plaint terms the party's defense to each claim asserted and … admit or deny the averments upon which the adverse party relies." Rule 8(b) of the Rules of the United States Court of Federal Claims.

THEREFORE, Plaintiff respectfully requests that the Court deny Defendant's second Motion for an Enlargement of Time and require Defendant to answer Plaintiff's Complaint no later than March 5, 2007.

Respectfully submitted,

s/ William A. Shook
William A. Shook
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
1735 New York Avenue NW
Suite 500
Washington, D.C. 20006

Date: February 22, 2007