IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAUREL WOOD HOMES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-734C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction because it is now moot. In support of this motion, we rely upon the complaint, the following brief, the attached declaration of Frances M. Hoover, and the attached exhibits.

STATEMENT OF THE ISSUE

Whether the Court should dismiss plaintiff's complaint, as moot, because the Department of the Navy ("Navy") has paid the plaintiff's vandalism damage claim in full, plus interest, and because the Navy has revoked its demand for repayment of previously-paid vandalism claims.

STATEMENT OF THE CASE

On or about October 24, 1988, Laurelwood and the Navy entered into Supplemental Agreement Number 3 to lease number N62472-86-RP-00209 for the lease of real property on Naval Weapons Station Earle ("the Outlease"). Compl. ¶ 4. On or about April 30, 1990, the parties executed Exhibit D to the Outlease, which provides for the Navy to lease back for 20 years the housing units located on that property and owned by Laurelwood ("the Inlease"). See Compl. ¶ 5.

Article IX of the Inlease provides as follows:

> The Developer shall in any event and without prejudice to any other rights of the Government bear responsibility for loss or damage by fire; lightning; storm; tempest; explosion; impact; aircraft; riot; civil commotion; bursting or overflowing of water tanks, apparatus or pipes; flood; labor disturbances; earthquake; malicious damage (other than Government-caused) or any other casualty or act of God; and shall maintain at the expense of the Developer at all times during the term of this Inlease insurance coverage against the risks enumerated above with a reputable insurance company and shall ensure that the Government is named as a co-insured on any such policy. In no circumstances will the Developer be entitled to assign to any third party rights of action which developer may have against the Government.

Compl. ¶ 8. From the execution of the Inlease, Laurelwood has been submitting invoices to the Navy for repair of vandalism to the housing, and the Navy has been paying those claims pursuant to the contract provision above. See Compl. ¶ 10. However, by letter dated August 22, 2006, Matthew Kurtz, a Real Estate Contracting Officer, denied payment of invoices for vandalism dated April 11, 2006; June 5, 2006; and July 28, 2006. Compl. ¶¶ 12-13. These invoices totaled $13,659.50. Compl. ¶ 12. By letter dated August 23, 2006, Laurelwood submitted a formal CDA claim in the amount of $13,659.50, plus interest. Compl. ¶14. By letter dated October 3, 2006, Frances M. Hoover, a Real Estate Contracting Officer, issued a final decision denying Laurelwood's claim in its entirety. Compl. ¶ 16. The October 3, 2006 letter also stated:

> Based on the provisions of the leasing documents as set forth above, responsibility for damages resulting from vandalism rests with Laurelwood, and the Navy is not responsible for paying the invoices at issue. For the same reasons, past payments to Laurelwood for vandalism damages were made in error, and the Contracting Officer hereby determines that $39,060.89 is due and owing to the Navy for those erroneous payments.

Compl. ¶ 17. Laurelwood filed its complaint in this action on October 27, 2006 requesting the Court to award Laurelwood damages in the amount of $13,659.50, plus interest, for vandalism damage to its property and deny the Navy's claim for $39,060.89 for previously paid damages for

vandalism.

On March 6, 2007, the Navy paid Laurelwood $13,659.50, plus interest in the amount of $413.11, for vandalism damage. See Exhibit 1; Hoover Decl. ¶ 4. Furthermore, on March 12, 2007, the Navy revoked its demand for repayment of the $39,060.89 paid to Laurelwood for prior vandalism claims. See Exhibit 2; Hoover Decl. ¶ 4.

## ARGUMENT

The Court should dismiss the complaint for lack of subject matter jurisdiction because the plaintiff's claim has been paid in full, and is therefore now moot.

It is well-established that justiciability, including mootness, is a question of subject matter jurisdiction. CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 556 (2000) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)). "The mootness doctrine originates from the 'case or controversy' requirement of Article III of the United States Constitution." CCL Service Corp. v. United States, 43 Fed. Cl. 680, 688 (1999) (citing Northrop Corp. v. United States, 27 Fed. Cl. 795, 800 n. 4 (1993)). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a Federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." Id. "Article III denies Federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them'." Id. (quoting Rice, 404 U.S. at 246). Although the jurisdiction of this Court, as an Article I court, is not limited by the "cases and controversies" requirement of Article III, the doctrine of mootness has been adopted by this Court and other Article I courts upon prudential grounds. CW Gov't Travel, 46

Fed. Cl. at 558 (citing Zevalkink v. Brown, 102 F.3d 1236, 1243 (Fed. Cir. 1996)).

Here, there is no longer an ongoing controversy for this Court to address because the Navy has given Laurelwood everything it requests in its complaint. Laurelwood's only requests for relief are $13,659.50 plus interest for vandalism damage and denial of the claim for previously-paid vandalism damages.[1] See Compl. at 6. As the Navy has granted both of these requests, there is nothing left for the Court to consider. If the Court were to consider this case and were to find in favor of Laurelwood, such a finding would have no effect on Laurelwood's rights because Laurelwood has already received everything that a favorable decision from this Court would give it - payment for the vandalism claims and revocation of the demand for repayment of previously-paid vandalism claims.

"[J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur, and, (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Los Angeles County v. Davis, 440 U.S. 625, 631 (1979) (citations omitted). In this case, both of these requirements have been met. As to the first factor, the Navy has paid for the vandalism damages claimed in the complaint, has waived any claim to recover those payments, and has revoked its demand for the repayment of the $39,060.89 paid to Laurelwood for prior vandalism claims. Hoover Decl. ¶ 4. Thus, there is no reasonable expectation that the alleged violations, failure to pay the invoices that are the subject of the

---

[1] Laurelwood also requests the costs of pursuing this claim. We acknowledge that Laurelwood may be able to apply for costs, but we will not address the merits of such an application here. Whether or not Laurelwood may apply for and/or receive costs is irrelevant to whether this case should be dismissed as moot.

complaint and seeking to recover past vandalism payments, will recur. As to the second factor, the full payment, plus interest, of the amount claimed in the complaint and the Navy's revocation of its demand for repayment of previously-paid vandalism claims, has "completely and irrevocably eradicated the effects of the alleged violation." See id. As stated above, Laurelwood has now received everything requested in its complaint, and therefore the effects of any alleged violation have been eradicated.

Finally, it is clear that a party's voluntary action, including payment of the disputed amounts, can render moot a case or controversy. Kaw Nation v. Norton, 405 F.3d 1317, 1322 (Fed. Cir. 2005)(citing U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 20 (1994)). In Kaw Nation, payment was made of the funds that were the subject of the original dispute and the defendant stated that it would not seek recovery of those funds. Id. The court held that these facts mooted the controversy. Id. Similarly, in this case, payment has been made in the amount originally in dispute and the Navy has stated that it will not seek to recover that payment and had revoked its demand for the repayment of any past vandalism payments. Accordingly, this Court should dismiss the complaint as moot.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction because the complaint is now moot.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON

Director

/s/MARK A. MELNICK
MARK A. MELNICK
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

March 13, 2007

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAURELWOOD HOMES LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-734C<br>(Chief Judge Damich) |

## DECLARATION OF FRANCES M. HOOVER

Pursuant to 28 U.S.C. § 1746, I, Frances M. Hoover, declare that the following is true and correct and based upon my personal knowledge, and that I am competent to testify to the matters contained herein.

1. I am a Real Estate Contracting Officer for the Naval Facilities Engineering Command, Atlantic Division.

2. In August 2006, I took over management of the lease between Laurelwood Homes LLC ("Laurelwood") and the Department of the Navy ("Navy") at the Naval Weapons Station in Earle, New Jersey, lease number N62472-86-RP-00209, after a reorganization of the Naval Facilities Engineering Command (NAVFAC) worldwide. The lease was previously managed by our former Northern Division.

3. In my position as Real Estate Contracting Officer, I issued the final decision of October 3, 2006 denying payment to Laurelwood for vandalism damages of $13,659.50. In that final decision, I also made demand upon Laurelwood to repay $39,060.89 that it was previously reimbursed for repair of vandalism damages. Laurelwood then filed the present lawsuit challenging my decision.

4. To resolve this dispute, payment in the amount of $14,072.61 (inclusive of interest) has been made to Laurelwood for the vandalism damages sought in its most recent claim. The Navy waives any claim to recover this payment. On March 12, 2007, I revoked the demand for repayment of the $39,060.89 paid to Laurelwood for prior vandalism claims.

I declare under penalty of perjury that the foregoing statements are true and correct, this [illegible] day of March, 2007.

Frances M. Hoover
Real Estate Contracting Officer

# EXHIBIT 1

# myInvoice Detail Report

March 6, 2007

Page 8 of 8

| | | | |
|---|---|---|---|
| **CAGE:** | | **DUNS:** | |
| **CONTRACT:** | N6247286RP00209 | **DELIVERY ORDER:** | |
| **CLIN:** | | **INVOICE:** | 070305 |
| **SHIPMENT:** | | **STATUS:** | SCHEDULED FOR PAYMENT |
| **INVOICE AMOUNT PAID:** | 14,072.61 | | |
| **RECEIVE DATE:** | 03/05/07 | **ISSUE DATE:** | 03/05/07 |
| **ACCEPTANCE:** | 03/05/07 | **PROCESSING SITE:** | NORFOLK VIRGINIA |
| **LAST ACTION:** | | **MOCAS REASON:** | **REMARKS:** |
| **PAYMENT DUE:** | 03/06/07 | **CHECK/EFT AMOUNT:** | |
| **ACTUAL PAYMENT DATE:** | 03/06/07 | **ACRN:** | |
| **VOUCHER NUMBER:** | 7CFCTAM | **DSSN:** | |
| **TRACE NUMBER:** | | **CURRENCY:** | US DOLLAR |
| **CHECK NUMBER:** | | **QUANTITY PAID:** | |
| | | **UNIT PRICE:** | **UM:** |
| **PAYEE NAME:** | LAURELWOOD INC | | |
| **ADDRESS:** | GMAC COMM HDG CAP CO NEWMAN ASSOC<br>1801 CALIFORNIA ST STE 3700<br>DENVER CO 80202 | | |
| **INVOICE AMOUNT:** | 14,072.61 | **ADJUSTMENT1:** | |
| **DISCOUNT:** | | **REASON1:** | |
| **FREIGHT:** | | **ADJUSTMENT2:** | |
| **INTEREST:** | | **REASON2:** | |
| **TAX WITHHELD:** | | **LATE PAY REASON:** | |

FP: STARS ONE PAY INVOICE INQUIRY 03/07/2007
08:42:41

N6247286RP00209 INV STATUS: COUNT: 201
INV DATE - CK DATE - ALTERNATE FORMAT

| S SPIIN STATUS | INVOICE NUMBER | INVOICE DCN | DUE DATE | INVOICE AMOUNT | CHECK/EFT DATE | NUMBER |
|---|---|---|---|---|---|---|
| _ | 061201 | 7AFCTAE | 070102 | 293847.86 | 070108 | 79634660 |
| _ | 070101 | 7AFCTBH | 070131 | 293591.00 | 070129 | 79640122 |
| _ | 070201 | 7BFCTCP | 070305 | 293591.08 | 070301 | 79649444 |
| _ | 070305 | 7CFCTAM | 070404 | 14072.61 | 070306 | 79650656 |
| _ | 991229 | 0AFMBKI | 000128 | 12692.77 | 000126 | 70026008 |

END OF DATA
1=FPHELP 3=SEARCH 7=BACKWARD 8/ENTER=FORWARD

# EXHIBIT 2

**DEPARTMENT OF THE NAVY**
NAVAL FACILITIES ENGINEERING COMMAND
ATLANTIC
6506 HAMPTON BLVD
NORFOLK VA 23508-1278

TELEPHONE NO:
757-322-4926

IN REPLY REFER TO:
11011
SER RES/217
March 12, 2007

*Forwarded by Certified Mail – Return Receipt Requested*

William A. Shook, Esq.
Preston/Gates/Ellis & Rouvelas/Meeds LLP
1735 New York Avenue, NW, Suite 500
Washington, DC 20008-5208

SUBJECT: CONTRACT DISPUTES ACT CLAIM – LEASE NUMBER N62472-86-RP-00209

Dear Mr. Shook:

Please accept this letter as a modification of the Contracting Officer's Final Decision of October 3, 2006, which, in part, made demand upon Laurelwood to repay $39,060.89 that it was previously reimbursed for repair of vandalism damages. That portion of the final decision demanding repayment of $39,060.89 is hereby revoked. The Navy, therefore, will not pursue repayment of that amount.

Additionally, please take note that payment of $14,072.61 (inclusive of interest) was made to Laurelwood L.L. C. by electronic funds transfer on March 6, 2007 for the vandalism damages sought in its claim of August 23, 2006.

Sincerely,

Frances M Hoover

FRANCES M. HOOVER
Real Estate Contracting Officer
By direction of the Commander

Blind copy to:
CNRNE (D. Gale)
CO NAVWPNSTA Earle (Capt Gary A. Maynard)
NAVWPNSTA Earle (C. McCaffrey)
NAVFACLANT (S. Simmons)
NAVFAC MIDLANT (M. Kurtz)

CERTIFICATE OF SERVICE

I certify under that on this 13th day of March, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. In understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN