**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAURELWOOD HOMES LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-734C** |
| | ) | **(Chief Judge Damich)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss Count 1 of the First Amended Complaint for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the First Amended Complaint, the following brief, the attached declaration of Frances M. Hoover, and the attached exhibits.

**STATEMENT OF THE ISSUE**

Whether the Court should dismiss Count 1 of plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted because the Department of the Navy ("Navy") has paid interest under the Contract Disputes Act ("CDA"), which is the only interest to which plaintiff Laurelwood Homes LLC ("Laurelwood") is entitled on the vandalism damage claims.

**STATEMENT OF THE CASE**

On or about October 24, 1988, Laurelwood and the Navy entered into Supplemental Agreement Number 3 to lease number N62472-86-RP-00209 for the lease of real property on Naval Weapons Station Earle ("the Outlease"). First Am. Compl. ¶ 4. On or about April 30,

1990, the parties executed Exhibit D to the Outlease[1] ("the Inlease"), which provides for the Navy to lease back for 20 years the housing units located on that property and owned by Laurelwood. See First Am. Compl. ¶ 5.

Article XVI.A. of the Inlease states: "[t]his Agreement is subject to the Contract Disputes Act of 1978 (41 U.S.C. 601-613)." First Am. Compl. ¶ 7. Article IX of the Inlease provides in part that:

> The Developer shall in any event and without prejudice to any other rights of the Government bear responsibility for . . . malicious damage (other than Government-caused) . . . and shall maintain at the expense of the Developer at all times during the term of this Inlease insurance coverage against the risks enumerated . . . and shall ensure that the Government is named as a co-insured on any such policy.

First Am. Compl. ¶ 8. From the execution of the Inlease, Laurelwood has been submitting invoices to the Navy for repair of vandalism to the housing, and the Navy has been paying those claims. First Am. Compl. ¶ 10. By letter dated August 22, 2006, however, Matthew Kurtz, a Real Estate Contracting Officer, denied payment of invoices for vandalism dated April 11, 2006; June 5, 2006; and July 28, 2006. First Am. Compl. ¶¶ 12-13. These invoices totaled $13,659.50. First Am. Compl. ¶ 12. By letter dated August 23, 2006, Laurelwood submitted a formal CDA claim in the amount of $13,659.50, plus interest. First Am. Compl. ¶14. By letter dated October 3, 2006, Frances M. Hoover, a Real Estate Contracting Officer, issued a final decision denying Laurelwood's claim in its entirety. First Am. Compl. ¶ 16. The October 3, 2006 letter also stated:

[1] The Inlease is actually Exhibit D to the Agreement to Lease, which is Exhibit B to the Outlease. Nevertheless, for the purposes of this motion, defendant assumes the truth of plaintiff's statements of fact. Furthermore, the exact relationship of the documents does not bear on the issue before the Court.

> Based on the provisions of the leasing documents as set forth above, responsibility for damages resulting from vandalism rests with Laurelwood, and the Navy is not responsible for paying the invoices at issue. For the same reasons, past payments to Laurelwood for vandalism damages were made in error, and the Contracting Officer hereby determines that $39,060.89 is due and owing to the Navy for those erroneous payments.

First Am. Compl. ¶ 17.

Laurelwood filed its initial complaint in this action on October 27, 2006, requesting that the Court award Laurelwood damages in the amount of $13,659.50, plus interest, for vandalism damage to its property and deny the Navy's claim for $39,060.89 for previously paid damages for vandalism. On March 6, 2007, the Navy paid Laurelwood $13,659.50, plus interest in the amount of $413.11, for vandalism damage. See Exhibit 1; Hoover Decl. ¶ 4. See also First Am. Compl. ¶ 18. Furthermore, on March 12, 2007, the Navy revoked its demand for repayment of the $39,060.89 paid to Laurelwood for prior vandalism claims. See Exhibit 2; Hoover Decl. ¶ 4. See also First Am. Compl. ¶ 18.

On April 3, 2007, Laurelwood filed the First Amended Complaint, seeking Prompt Payment interest in the amount of $149.26 on the vandalism damages in Count 1 and adding a claim regarding incentive fee payments in Count 2.[2]

**STANDARD OF REVIEW**

When deciding on a motion to dismiss based upon failure to state a claim pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). "A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not, under

[2] The incentive fee payment claim is addressed in Defendant's Answer to First Amended Complaint, filed simultaneously with this motion.

the law, entitle him to a remedy." Id.

**ARGUMENT**

The Court should dismiss Count 1 of the First Amended Complaint for failure to state a claim upon which relief can be granted because the Navy has paid interest under the CDA, which is the only interest owed Laurelwood on the claim for vandalism damages.

Laurelwood admits that the dispute regarding vandalism damages is governed by the CDA. See First Am. Compl. ¶ 7. Despite this admission, Laurelwood seeks interest under the Prompt Payment Act. See First Am. Compl. ¶¶ 73-74. The Prompt Payment Act provides as follows:

> (a) Under regulations prescribed under section 3903 of this title, the head of an agency acquiring property or service from a business concern, who does not pay the concern for each complete delivered item of property or service by the required payment date, shall pay an interest penalty to the concern on the amount of the payment due. . . .
>
> (b) The interest penalty shall be paid for the period beginning on the day after the required payment date and ending on the date on which payment is made.

31 U.S.C. § 3902. The Prompt Payment Act further states that:

> (c) Except as provided in section 3904 of this title, this chapter does not require an interest penalty on a payment that is not made because of a dispute between the head of an agency and a business concern over the amount of payment or compliance with the contract. A claim related to the dispute, and interest payable for the period during which the dispute is being resolved, is subject to the Contract Disputes Act of 1978 (41 U.S.C. 601 et seq.).

31 U.S.C. § 3907. Thus, "[t]he Prompt Payment Act does not apply when the payment in question is disputed." Southern Comfort Builders, Inc. v. United States, 67 Fed. Cl. 124, 156 (Fed. Cl. 2005). This Court has recognized that "'[i]f a dispute exists, a contractor is not entitled to payment or late payment interest penalties until the dispute is resolved . . . . If a contractor

prevails under its claim filed under the Contract Disputes Act, interest is to be paid pursuant to that act.'" Id. (quoting H.R. Rep. No. 784, 100th Cong., 2d Sess. 11 (1988) reprinted in 1988 U.S.C.C.A.N. 3036, 3039). See also Inversa, S.A. v. United States, 73 Fed. Cl. 245, 247 (Fed. Cl. 2006) (stating that interest under the Prompt Payment Act "is available only when Government payments are inadvertently late, and not when the Government refuses to pay or questions its underlying liability"); George Sollitt Constr. Co. v. United States, 64 Fed. Cl. 229, 304 (Fed. Cl. 2005) (stating that "[d]isputed contract payment amounts are subject to Contract Disputes Act interest, 41 U.S.C. § 611, not Prompt Payment Act interest"). As set forth in the First Amended Complaint, the Navy disputed the payment by issuing a final decision denying Laurelwood's request for vandalism damage payment. See First Am. Compl. ¶¶ 67-70. Therefore, CDA interest is the only interest to which Laurelwood is entitled.

Interest under the CDA runs from the date of the claim until the date of payment, at the rate set by the Secretary of the Treasury for the relevant time period. See 41 U.S.C. § 611. Laurelwood filed its claim on August 23, 2006, and payment was made on March 6, 2007. The Treasury rate for August 23, 2006, to December 31, 2006, was 5.75 percent. Interest on $13,659.50 at 5.75 percent for 130 days totaled $283.63.[3] The Treasury rate for January 1, 2007, to March 6, 2007, was 5.25 percent. Interest on $13,659.50 at 5.25 percent for 65 days totaled $129.48.[4] Therefore, the total interest owed under the Contract Disputes Act is $413.11. The Navy has paid this amount. See Exhibit 1; Hoover Decl. ¶ 4. See also First Am. Compl. ¶ 18. Under the applicable law,

---

[3] The interest is calculated as follows: 13,659.50(.0575 / 360*130) = 283.6264, rounded to 283.63.

[4] The interest is calculated as follows: 13,659.50(.0525 / 360 *65) = 129.4807, rounded to 129.48.

no further interest is due, and Count 1 of Laurelwood's First Amended Complaint should be dismissed with prejudice.

**CONCLUSION**

For these reasons, we respectfully request that the Court dismiss Count 1 of the First Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

April 10, 2007

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAURELWOOD HOMES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-734C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

DECLARATION OF FRANCES M. HOOVER

Pursuant to 28 U.S.C. § 1746, I, Frances M. Hoover, declare that the following is true and correct and based upon my personal knowledge, and that I am competent to testify to the matters contained herein.

1. I am a Real Estate Contracting Officer for the Naval Facilities Engineering Command, Atlantic Division.

2. In August 2006, I took over management of the lease between Laurelwood Homes LLC ("Laurelwood") and the Department of the Navy ("Navy") at the Naval Weapons Station in Earle, New Jersey, lease number N62472-86-RP-00209, after a reorganization of the Naval Facilities Engineering Command (NAVFAC) worldwide. The lease was previously managed by our former Northern Division.

3. In my position as Real Estate Contracting Officer, I issued the final decision of October 3, 2006 denying payment to Laurelwood for vandalism damages of $13,659.50. In that final decision, I also made demand upon Laurelwood to repay $39,060.89 that it was previously reimbursed for repair of vandalism damages. Laurelwood then filed the present lawsuit challenging my decision.

4. To resolve this dispute, payment in the amount of $14,072.61 (inclusive of interest) has been made to Laurelwood for the vandalism damages sought in its most recent claim. The Navy waives any claim to recover this payment. On March 12, 2007, I revoked the demand for repayment of the $39,060.89 paid to Laurelwood for prior vandalism claims.

I declare under penalty of perjury that the foregoing statements are true and correct, this 12th day of March, 2007.

Frances M. Hoover

Frances M. Hoover
Real Estate Contracting Officer

# EXHIBIT 1

# myInvoice Detail Report

March 6, 2007

Page 8 of 8

| | | | |
|---|---|---|---|
| **CAGE:** | | **DUNS:** | |
| **CONTRACT:** | N6247286RP00209 | **DELIVERY ORDER:** | |
| **CLIN:** | | **INVOICE:** | 070305 |
| **SHIPMENT:** | | **STATUS:** | SCHEDULED FOR PAYMENT |
| **INVOICE AMOUNT PAID:** | 14,072.61 | | |
| **RECEIVE DATE:** | 03/05/07 | **ISSUE DATE:** | 03/05/07 |
| **ACCEPTANCE:** | 03/05/07 | **PROCESSING SITE:** | NORFOLK VIRGINIA |
| **LAST ACTION:** | | **MOCAS REASON:** | **REMARKS:** |
| **PAYMENT DUE:** | 03/06/07 | **CHECK/EFT AMOUNT:** | |
| **ACTUAL PAYMENT DATE:** | 03/06/07 | **ACRN:** | |
| **VOUCHER NUMBER:** | 7CFCTAM | **DSSN:** | |
| **TRACE NUMBER:** | | **CURRENCY:** | US DOLLAR |
| **CHECK NUMBER:** | | **QUANTITY PAID:** | |
| | | **UNIT PRICE:** | **UM:** |
| **PAYEE NAME:** | LAURELWOOD INC | | |
| **ADDRESS:** | GMAC COMM HDG CAP CO NEWMAN ASSOC<br>1801 CALIFORNIA ST STE 3700<br>DENVER CO 80202 | | |
| **INVOICE AMOUNT:** | 14,072.61 | **ADJUSTMENT1:** | |
| **DISCOUNT:** | | **REASON1:** | |
| **FREIGHT:** | | **ADJUSTMENT2:** | |
| **INTEREST:** | | **REASON2:** | |
| **TAX WITHHELD:** | | **LATE PAY REASON:** | |

FP: STARS ONE PAY INVOICE INQUIRY 03/07/2007
08:42:41

N6247286RP00209 INV STATUS: COUNT: 201
INV DATE - CK DATE - ALTERNATE FORMAT

| S SPIIN STATUS | INVOICE NUMBER | INVOICE DCN | DUE DATE | INVOICE AMOUNT | CHECK/EFT DATE | NUMBER |
|---|---|---|---|---|---|---|
| _ | 061201 | 7AFCTAE | 070102 | 293847.86 | 070108 | 79634660 |
| _ | 070101 | 7AFCTBH | 070131 | 293591.00 | 070129 | 79640122 |
| _ | 070201 | 7BFCTCP | 070305 | 293591.08 | 070301 | 79649444 |
| _ | 070305 | 7CFCTAM | 070404 | 14072.61 | 070306 | 79650656 |
| _ | 991229 | 0AFMBKI | 000128 | 12692.77 | 000126 | 70026008 |

END OF DATA
1=FPHELP 3=SEARCH 7=BACKWARD 8/ENTER=FORWARD

# EXHIBIT 2

**DEPARTMENT OF THE NAVY**
NAVAL FACILITIES ENGINEERING COMMAND
ATLANTIC
6506 HAMPTON BLVD
NORFOLK VA 23508-1278

TELEPHONE NO:
757-322-4926

IN REPLY REFER TO:
11011
SER RES/217
March 12, 2007

*Forwarded by Certified Mail – Return Receipt Requested*

William A. Shook, Esq.
Preston/Gates/Ellis & Rouvelas/Meeds LLP
1735 New York Avenue, NW, Suite 500
Washington, DC 20008-5208

SUBJECT: CONTRACT DISPUTES ACT CLAIM – LEASE NUMBER N62472-86-RP-00209

Dear Mr. Shook:

Please accept this letter as a modification of the Contracting Officer's Final Decision of October 3, 2006, which, in part, made demand upon Laurelwood to repay $39,060.89 that it was previously reimbursed for repair of vandalism damages. That portion of the final decision demanding repayment of $39,060.89 is hereby revoked. The Navy, therefore, will not pursue repayment of that amount.

Additionally, please take note that payment of $14,072.61 (inclusive of interest) was made to Laurelwood L.L. C. by electronic funds transfer on March 6, 2007 for the vandalism damages sought in its claim of August 23, 2006.

Sincerely,

Frances M Hoover

FRANCES M. HOOVER
Real Estate Contracting Officer
By direction of the Commander

Blind copy to:
CNRNE (D. Gale)
CO NAVWPNSTA Earle (Capt Gary A. Maynard)
NAVWPNSTA Earle (C. McCaffrey)
NAVFACLANT (S. Simmons)
NAVFAC MIDLANT (M. Kurtz)

CERTIFICATE OF SERVICE

I certify under that on this 10th day of April, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. In understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN