**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAURELWOOD HOMES LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-734C** |
| | ) | **(Chief Judge Damich)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

For its answer to the first amended complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's introductory paragraph on pages 1-2 of the first amended complaint constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PARTIES**

1. Admits.

2. Admits.

**JURISDICTION**

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**FACTS**

4. Admits.

5. Denies that the Inlease is Exhibit D to the Outlease and affirmatively states that the Inlease is Exhibit D to the Agreement to Lease, which is Exhibit B to the Outlease. Defendant admits the remainder of Paragraph 5.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits.

11. Admits that, on at least one occasion, the president of Laurelwood wrote a letter to the contracting officer concerning the incidents of vandalism on the Laurelwood property; denies the remainder of the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits that by invoice submissions of April 11, 2006; June 5, 2006; and July 28, 2006, Laurelwood submitted requests for payment of $13,659.50, plus interest, for vandalism; denies the remainder of the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits.

14. Admits.

15. Admits the allegations in the first sentence of paragraph 15; admits that individuals were apprehended who were believed to be responsible for some of the vandalism at

Laurelwood; denies that the Navy is currently obtaining payment from these individuals for the damages caused.

16. Admits that by letter dated October 3, 2006, Ms. Frances M. Hoover, Real Estate Contracting Officer, issued a final decision on Laurelwood's claim and denied the claim in its entirety; denies the remainder of the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Denies.

21. Admits.

22. Admits.

23. Admits that by letter dated November 30, 2006, the contracting officer awarded 20 percent of the incentive fee; denies the remainder of the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in the first sentence of paragraph 25 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the

allegations contained in the first sentence of paragraph 25; admits the allegations contained in the second sentence of paragraph 25; denies the allegations contained in the third sentence of paragraph 25; and affirmatively states that paperwork for issuance of the payment, which was sent to Laurelwood repeatedly for signature, was just recently returned by Laurelwood with signature and is being reviewed for processing.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Denies that ten percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Denies that five percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Admits the allegations contained in paragraph 32 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Denies that five percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. Admits the allegations contained in paragraph 35 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Denies that eight percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Admits the allegations contained in paragraph 38 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Denies that 20 percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Admits the allegations contained in paragraph 41 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Denies that five percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44. Admits the allegations contained in paragraph 44 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Denies.

47. Admits the allegations contained in paragraph 47 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 41 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Denies that five percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Admits the allegations contained in paragraph 50 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Denies that two and one-half percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Admits the allegations contained in paragraph 53 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegations contained in paragraph 54 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Denies.

56. Admits the allegations contained in paragraph 56 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Denies as stated. Defendant affirmatively states that the contracting officer's final decision stated: "Areas of sidewalk and curbing require attention. Areas of asphalt require repair. No re-striping of road areas/parking areas. QC reports do not indicate that any road inspections are being accomplished."

58. Denies.

59. Denies as stated. Defendant affirmatively states that two and one-half of the Incentive Fee is described as: "Playground" and that the standard states "(1) 0 defects."

60. Admits the allegations contained in paragraph 60 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61. Denies that two and one-half percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62. Admits the allegations contained in paragraph 62 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Admits the allegations contained in paragraph 63 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. Denies that five percent of the incentive fee was earned and denies the remaining allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

**COUNT 1**

65-75. Defendant's motion to dismiss, filed simultaneously with this answer, is incorporated by reference.

**COUNT 2**

76. Defendant's responses to paragraphs 1 through 75 of the complaint are incorporated by reference.

77. Denies.

78. Denies.

79. Denies.

80. The allegations contained in paragraph 80 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PRAYER FOR RELIEF**

1. Denies that plaintiff is entitled to the relief set forth in paragraph 1, or to any relief whatsoever.

2. Denies that plaintiff is entitled to the relief set forth in paragraph 2, or to any relief whatsoever.

3. Denies that plaintiff is entitled to the relief set forth in paragraph 3, or to any relief whatsoever.

4. Denies that plaintiff is entitled to the relief set forth in paragraph 4, or to any relief whatsoever.

Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

April 10, 2007 Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under that on this 10th day of April, 2007 a copy of the foregoing "DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN