**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAURELWOOD HOMES LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-734C** |
| | ) | **(Chief Judge Damich)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS</u>**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully submits this reply in further support of its motion to dismiss Count 1 of plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted.

In our motion, we demonstrated that plaintiff, Laurelwood Homes, Inc. ("Laurelwood"), is not entitled to Prompt Payment Act ("PPA") interest on its vandalism damage claim because the payment in question was disputed. The only interest owed to Laurelwood was interest pursuant to the Contract Disputes Act ("CDA"), which has been paid. Laurelwood argues that there was no "objectively discernable dispute" over the claim because (1) the payment of vandalism claims is consistent with <u>North Star Alaska Housing Corporation v. United States</u>, 30 Fed. Cl. 259 (1993); (2) the Department of the Navy ("Navy") did not dispute the amount of the claim; and (3) the Navy has now paid the full amount of the claim and revoked its decision with regard to seeking repayment of previously-paid vandalism damages. Therefore, Laurelwood asserts, it is owed PPA interest. We address each of Laurelwood's arguments below.

ARGUMENT

As set forth in our motion, the applicable interest provision in this case is found in the CDA, not the PPA. The CDA and the PPA provide mutually exclusive remedies to address different situations. The PPA is inapplicable "when there is a dispute between a Federal agency and a business concern over the terms and/or manner of compliance with a contract. . . . The resolution of such disputes shall be governed by the provisions of the [CDA], which Act shall also control the rate and conditions under which interest penalties accrue in such instances." Arkansas Best Freight Sys., Inc. v. United States, 20 Cl. Ct. 776, 778 n. 2 (1990) (citing H. R. Rep. No. 461, 97th Cong., 2d Sess. 15, reprinted in 1982 U.S.C.C.A.N. 111, 125).

Laurelwood seems to assert that the PPA is applicable here because North Star Alaska Housing Corporation v. United States, 30 Fed. Cl. 259 (1993), establishes the Government's liability for vandalism damages, therefore there was no "objectively discernable dispute" between it and the Navy. See Pl. Opp. at 1-2.[1] Thus, it contends, the contracting officer had no reasonable basis for denying Laurelwood's vandalism claims. Pl. Opp. at 3. Though North Star Alaska did address vandalism damages, the contract provision relied upon in North Star Alaska was not the same provision upon which the contracting officer in this case based her decision. The North Star Alaska court based its finding that the Government was responsible for vandalism damages on the following lease provision:

> DAMAGES CAUSED BY OCCUPANTS. Damages to a housing unit or to other improvements within the project which are beyond normal wear and tear and are caused by the government or an occupant, his [sic] dependents, or invited guests, which are not corrected by government or occupants, shall be repaired by the developer. The cost of such repairs shall be billed to the

[1] "Pl. Opp. at __" refers to Plaintiff's Opposition to Defendant's Motion to Dismiss, filed on April 30, 2007.

> government. . . . Repair of damages which occur to the units or other improvements that cannot be attributed to the government, his [sic] agents, officers, occupants, their dependents, or invited guests shall be accomplished by the developer at no cost to the government.

North Star Alaska, 30 Fed. Cl. at 269. In this case, the contracting officer denied Laurelwood's vandalism claim based upon the following provision of the Inlease:

> The Developer shall in any event and without prejudice to any other rights of the Government bear responsibility for . . . malicious damage (other than Government-caused) . . . and shall maintain at the expense of the Developer at all times during the term of this Inlease insurance coverage against the risks enumerated . . . and shall ensure that the Government is named as a co-insured on any such policy.[2]

First Am. Compl. ¶ 8. Based upon this provision, the contracting officer reasonably determined that the vandalism damages were "malicious damage (other than Government-caused)" and that Laurelwood was responsible for those damages pursuant to the Inlease. Accordingly, Laurelwood's claim that it was owed vandalism damages established a dispute between it and the Navy, precluding the payment of PPA interest.

Contrary to Laurelwood's assertion, settlement of a claim during the course of litigation does not mean that the claim was undisputed, and therefore does not entitle the plaintiff to PPA interest. Pursuant to Laurelwood's argument, any time the Government settled or lost a claim under the CDA, it would be exposed to both PPA and CDA interest. This is not the law.

> [PPA] [i]nterest penalties . . . are not required when payment is delayed due to a dispute over the amount of payment or other issues involving contract compliance, but might be due the contractor under the CDA, 41 U.S.C. § 611. . . . The fact that a contractor may ultimately prevail on the merits of an underlying dispute does not defeat an otherwise proper good faith dispute at the time of the withholding.

[2] While the lease in North Star Alaska contained a very similar provision, see North Star Alaska, 30 Fed. Cl. at 279, the Court did not in any way rely upon that provision in determining that plaintiff was entitled to vandalism damages.

Info. Sys. and Networks Corp., ASBCA No. 46119.02-2 BCA ¶ 31,952 (July 10, 2002)(citations omitted). Similarly, the Navy's decision to settle the claim does not change the fact that the claim was the subject of a bona fide dispute at the time it was submitted and decided by the contracting officer.

## CONCLUSION

For the foregoing reasons, and those presented in our opening brief, we respectfully request that the Court dismiss Count 1 the First Amended Complaint for failure to state a claim upon which relief can be granted because Laurelwood is not entitled to interest under the Prompt Payment Act and the Navy has therefore paid to Laurelwood all interest due on the vandalism claim.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

May 14, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under that on this 14th day of May, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF’S OPPOSITION TO MOTION TO DISMISS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

/s/ MEREDYTH D. COHEN