IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAURELWOOD HOMES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-734C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

REVISED JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, and the Court's Order of June 13, 2007, the parties, by their representative attorneys, respectfully submit this Revised Joint Preliminary Status Report:

**(a) Does the court have jurisdiction over the action?**

Plaintiff believes that the Court has jurisdiction. Plaintiff relies upon the Contract Disputes Act, 41 U.S.C. § 601 et. seq. The provisions at issue are contained in a lease whereby Plaintiff leases residential housing to the United States Navy. Article XVI of the lease specifically states that the agreement is subject to the Contract Disputes Act. With regard to Count I, Plaintiff filed a claim with the Defendant's contracting officer on August 23, 2006 which was denied by a contracting officer's decision issued on October 23, 2006. With regard to Count II, Plaintiff filed a claim with the Defendant's contracting officer on October 2, 2006 the majority of which was denied by a contracting officer's decision issued on November 30, 2006. The Complaint and Amended Complaint were both filed within one year of receiving those final decisions.

Defendant is unaware of any basis for challenging the Court's jurisdiction at this time.

**(b) Should the case be consolidated with any other case and, if so, why?**

The Parties agree that this case should not be consolidated with any other case.

**(c) Should the trial of liability and damages be bifurcated and, if so, why?**

The Parties agree that the trial should not be bifurcated into liability and damages.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

The Parties agree that the proceedings in this case should not be deferred. The Parties do not believe there is any basis for transferring or remanding the case to another tribunal and are unaware of any related cases in this or any other tribunal.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

The Parties do not anticipate that remand or suspension will be sought.

**(f) Will additional Parties be joined?**

The Parties do not anticipate that additional parties will be joined.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

Defendant has already filed a motion to dismiss Count 1 pursuant to RCFC 12(b). Neither Party intends to file a motion pursuant to RCFC 12(c). Within 60 days after close of discovery, Plaintiff anticipates filing a dispositive motion. Defendant has not determined whether it will file a motion pursuant to RCFC 56, but if it chooses to do so, it will file the motion within 60 days after the close of discovery. Opposition briefs shall be filed within 30 days after service of an RCFC 56 motion, and reply briefs shall be filed with 14 days after service of the opposition.

**(h) What are the relevant factual and legal issues?**

This case involves a lease for 300 units of residential housing utilized by military personnel.

At issue in Count 1 is whether Prompt Payment Act interest is owed. Plaintiff believes that interest is owed from the date invoices were submitted for the repair of vandalism damages. As set forth in its motion to dismiss, defendant asserts that it has paid interest pursuant to the Contract Disputes Act, which is the only interest to which plaintiff is entitled. Therefore, defendant asserts, Count 1 of the First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

At issue in Count 2 is whether, based upon the standards set forth in the Lease, defendant has paid plaintiff the correct amount of the incentive fee for the period of November 1, 2005 through April 30, 2006. The Lease provides for the calculation and payment to the Plaintiff of an incentive fee every six months when certain performance standards are met. With regard to factual issues, Plaintiff asserts that it has met those performance standards at issue. Defendant denies that Plaintiff satisfied those performance standards. With regard to legal issues, the Parties disagree as to the proper interpretation of the Lease with regard to performance deserving of the incentive fee.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The Parties have had a settlement discussion and are continuing to discuss the possibility of settlement. They do not contemplate engaging in alternative dispute resolution at this time. Counsel for Plaintiff has explained the various options for alternative dispute resolution to Plaintiff. Plaintiff has chosen not to engage in any of

those options at this time. Defendant believes that ADR is unnecessary at this time given the continuing settlement discussions.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

i. Neither party anticipates the need for trial at this time. Both Parties anticipate that this case can be resolved by settlement or dispositive motion. Any hearings, other than telephone conferences, should be held in Washington, D.C. Should a trial become necessary, the Parties anticipate that it could be completed in two days, with one day for each side.

ii. The Parties do not anticipate the joinder of additional parties. However, the Parties agree that any additional parties must be joined 90 days before the close of discovery.

iii. Defendant has already filed a motion to dismiss Count 1 pursuant to RCFC 12(b). Neither Party intends to file a motion pursuant to RCFC 12(c). Within 60 days after close of discovery, Plaintiff anticipates filing a dispositive motion for summary judgment pursuant to RCFC 56 based upon undisputed facts developed through discovery and the proper interpretation of the Lease provisions. Opposition briefs shall be filed within 30 days after service of an RCFC 56 motion, and reply briefs shall be filed with 14 days after service of the opposition.

Defendant has not determined whether it will file a motion pursuant to RCFC 56, but if it chooses to do so, it will file the motion within 60 days after the close of discovery. Opposition briefs shall be filed within 30 days after service of an RCFC 56 motion, and reply briefs shall be filed with 14 days after service of the opposition.

Neither Party expects to use experts or expert discovery.

iv. The Parties agree that this case should not be conducted in phases. Plaintiff asserts that if liability is determined, the calculation of damages would be based on a formula set forth in the Lease.

v. The Parties agree that initial disclosures should be made within 30 days after the filing of this Revised Joint Preliminary Status Report. The Parties agree that a 180-day period of time, from the date of the filing of this Revised Joint Preliminary Status Report, should be sufficient for both document discovery and depositions. The Parties do not anticipate any special requests regarding discovery at this time. The Parties do not anticipate the discovery of classified material.

vi. The Parties do not anticipate the use of expert witnesses in this case. If such witnesses are used, the Parties would agree to mutual disclosure of their identities and reports 60 days prior to the close of discovery with all such experts being made available for deposition within 15 days prior to the close of discovery.

vii. Expert discovery, if conducted, would be completed by the close of discovery.

viii. The Parties agree at this time to the limit of 10 depositions and 25 interrogatories per party.

ix. The Parties do not anticipate that any physical or mental examinations of the parties will be requested.

x. The Parties are not aware of any other matters pertinent to the completion of discovery.

**(k) Are there special issues regarding electronic case management needs?**

Neither Party is aware of any special electronic case management needs.

**(l) Is there any other information of which the court should be aware of at this time?**

Plaintiff may seek leave to amend the Complaint to include other contract claims that have been submitted to the contracting officer for a final decision.

Counsel for the Parties met for the early meeting of counsel on April 26, 2007. The Parties jointly stipulate that initial disclosures set forth in RCFC 26(a)(1) shall be made within 30 days of the filing of this Revised Joint Preliminary Status Report.

**7.** Counsel for both Parties are available for a preliminary status conference on July 11, July 18, August 16, or August 17 at 10 a.m.

**Appendix to Joint Preliminary Status Report**

Attached hereto are the relevant portions of the Lease at issue, the Plaintiff's two claims, and the contracting officer's two final decisions.

Respectfully submitted,

s/ William A. Shook
William A. Shook, Esq.
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
1601 K Street NW
Washington, D.C. 20006
Phone 202 661 6256
Fax 202 331 1024

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

June 19, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 19, 2007, a copy of the foregoing "REVISED JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Meredyth D. Cohen