# In the United States Court of Federal Claims

No. 06-734 C

(Filed: August 29, 2007)

| | | |
|---|---|---|
| **LAURELWOOD HOMES LLC**, Plaintiff, | * | Contracts; Motion to Dismiss; RCFC 12(b)(6); 31 U.S.C. § 3901 *et seq.* (2000); Prompt Payment Act Interest |
| v. | * | |
| **THE UNITED STATES**, Defendant. | * | |

*William A. Shook*, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Washington, DC, counsel of record for Plaintiff.

*Meredyth D. Cohen*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, counsel of record for Defendant, with whom were *Peter D. Keisler,* Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Mark A. Melnick*, Assistant Director.

---

**OPINION**

---

**DAMICH,** Chief Judge.

This government contracts case is before the Court on Defendant's motion to dismiss Count I of Plaintiff's amended complaint, filed on April 3, 2007, for failure to state a claim upon which relief can be granted. Plaintiff asserts a claim, under the Prompt Payment Act, 31 U.S.C. § 3901 *et seq.,* for interest in the amount of $149.26 on damages due to vandalism at residential military housing. Plaintiff's claim of interest under the Prompt Payment Act is in addition to its recovery of interest the Defendant has already paid under the Contract Disputes Act, 41 U.S.C. § 601 *et seq*. Because the Court finds that Plaintiff's claim for vandalism damages was in legitimate dispute at the time the Defendant initially denied payment, Plaintiff is not entitled to Prompt Payment Act interest. Defendant's motion, therefore, is GRANTED.

**BACKGROUND**

On or about October 24, 1988, Laurelwood Homes LLC ("Laurelwood") and the Department of the Navy ("Navy" or "Government") entered into Supplemental Agreement Number 3 to lease number N62472-86-RP-00209 for the lease of real property on Naval Weapons Station Earle (the "Outlease"). Am. Comp. ¶ 4. On or about April 30, 1990, the parties executed Exhibit D to the Outlease (the "Inlease"), which provided for the lease of residential housing improvements constructed by Plaintiff on the real property and located inside the guarded gates at Naval Weapons Station Earle. *Id.* ¶¶ 5-6. Article IX of the Inlease provides, in pertinent part, the following:

> The Developer shall in any event and without prejudice to any other rights of the Government bear responsibility for . . . malicious damage (other than Government-caused) . . . and shall maintain at the expense of the Developer at all times during the term of this Inlease insurance coverage against the risks enumerated . . . and shall ensure that the Government is named as a co-insured on any such policy.

*Id.* ¶ 8. From the execution of the Inlease through April 10, 2006, Laurelwood had been submitting invoices to the Navy for vandalism repairs to the housing, and the Navy had consistently paid those claims. *Id.* ¶ 10.

By invoice submissions dated April 11, June 5, and July 28, 2006, Laurelwood submitted requests for payment of $13,659.50, plus interest, for "vandalism caused by individuals on the Laurelwood property with the exclusive permission of the Government." *Id.* ¶ 12. By letter dated August 22, 2006, Matthew Kurtz, a Real Estate Contracting Officer ("CO"), notified Laurelwood that it would not pay for the vandalism damage. *Id.* ¶ 13. On August 23, 2006, Laurelwood submitted a formal Contract Disputes Act ("CDA") claim to Mr. Kurtz in the amount of $13,659.50, plus interest. *Id.* ¶ 14. On October 3, 2006, Frances M. Hoover, another Real Estate CO, issued a final decision denying Laurelwood's claim in its entirety and stating that:

> Based on the provisions of the leasing documents as set forth above, responsibility for damages resulting from vandalism rests with Laurelwood, and the Navy is not responsible for paying the invoices at issue. For the same reasons, past payments to Laurelwood for vandalism damages were made in error, and the Contracting Officer hereby determines that $39,060.89 is due and owing to the Navy for those erroneous payments.

*Id.* ¶¶ 16-17.

On October 27, 2006, Laurelwood filed a complaint in the Court of Federal Claims requesting both damages in the amount of $13,659.50, plus interest, for vandalism to its property (Count I) and a denial of the Navy's claim for $39,060.89 for what it considered to be "erroneous payments" (Count II). Comp. ¶¶ 18-32. By letter dated March 12, 2007, the CO revoked her previous demand for repayment of the $39,060.89 and notified Laurelwood of the Navy's March 6, 2006, payment of $13,659.50, plus $413.11 in interest, for the vandalism damages sought in its claim. Am. Compl. ¶ 18. On April 3, 2007, Laurelwood amended its complaint to seek, as Count I, Prompt Payment Act interest in the amount of $149.26 on the vandalism damages paid by the Navy.[1] Am. Comp. ¶¶ 65-75.

## DISCUSSION

### I. Standard of Review

In considering Defendant's motion to dismiss pursuant to RCFC 12(b)(6), the Court must assume that all well-pled allegations in the complaint are true and draw all reasonable inferences in favor of Plaintiff. *See Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998). "A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not, under the law, entitle him to a remedy." *Id.*

### II. Analysis

The issue before the Court is whether Laurelwood's claim for vandalism damages, which the Government has now paid, is subject to interest penalties in the amount of $149.26 under the Prompt Payment Act, 31 U.S.C. § 3901 *et seq.* ("PPA"). The Government alleges that the interest already paid by the Navy pursuant to the CDA is the only interest to which Plaintiff is entitled for the vandalism damage claims. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1. Laurelwood contends that, in addition to the CDA interest it has already been paid, it is owed PPA interest because, inter alia, there was no "objectively discernable dispute" over the claim. Pl.'s Opp. to Def's Mot. ("Pl.'s Opp.") at 3.

The PPA, first enacted in 1982 (P.L. 97-177), provides for the payment of interest when the Government fails to make a timely payment for certain goods or services. The statute states that "the head of an agency acquiring property or service from a business concern, who does not pay the concern for each complete delivery item of property or service by the required payment date, shall pay an interest penalty to the concern on the amount of the payment due." 31 U.S.C. § 3902(a) (2000). The relevant provision of the PPA for the inquiry here provides, in pertinent part, as follows:

---

[1] The complaint was also amended to challenge the CO's decision that rejected most of Plaintiff's claim for $17,339 in incentive fees payable under the lease for the period of November 1, 2005, through April 30, 2006 (Count II as amended). Am. Comp. ¶¶ 76-80. The CO found that Plaintiff was entitled to only $3,467.73 of the $17,339.00 requested in its claim. *Id.* ¶ 79.

> Except as provided in section 3904 of this title, this chapter does not require an interest penalty on payment that is not made because of a dispute between the head of an agency and a business concern over the amount of payment or compliance with the contract. A claim related to the dispute, and interest payable for the period during which the dispute is being resolved, is subject to the Contract Disputes Act of 1978.

31 U.S.C. § 3907(c) (2000). Accordingly, several other judges of this court have acknowledged that the PPA is not applicable when there is a dispute over the payment in question. *E.g.*, *Southern Comfort Builders, Inc. v. United States*, 67 Fed. Cl. 124, 156 (2005). Similarly, this Court adopts the rationale that PPA interest is only available when Government payments are "inadvertently late, and not when the Government refuses to pay or questions its underlying liability." *Inversa, S.A. v. United States*, 73 Fed. Cl. 245, 247 (2006); *see also George Sollitt Constr. Co. v. United States*, 64 Fed. Cl. 229, 304 (2005).

In the instant case, the CO denied Laurelwood's claim on October 3, 2006, finding that "[b]ased on the provisions of the leasing documents as set forth above, responsibility for the damages resulting from vandalism rests with Laurelwood, and the Navy is not responsible for paying the invoices at issue." Am. Compl. ¶ 17. Clearly, the Navy refused to pay Laurelwood's claim for vandalism damages because it denied its underlying liability, not because its payments were inadvertently late. Under these circumstances, the contractor is not entitled to receive PPA interest.

In opposition to the Government's motion, Laurelwood contends that there was no "objectively discernable dispute" over the claim. Pl.'s Opp. at 3 (citing *Arkansas Best Freight Systems, Inc. v. United States*, 20 Cl. Ct. 776, 779 (1990) ("Arkansas Best")). In addition, Laurelwood asserts that the revocation of the CO's decision and payment of the invoices in full constituted an admission that there was no actual dispute. *Id.* Laurelwood urges this Court to compare *North Star Alaska Housing Corporation v. United States*, 30 Fed. Cl. 259 (1993) ("North Star Alaska"), to the case at bar. Pl.'s Opp. at 1-2. In doing so, Laurelwood appears to be arguing that the court's holding in *North Star Alaska* compelled the Navy here to interpret the Inlease such that there was no question as to its liability for the vandalism damage.

However, while *North Star Alaska* was factually similar to the instant case, the court's decision there was premised on a decidedly different lease provision.[2] *North Star Alaska*

---

[2] The lease in *North Star Alaska* provided as follows:

> DAMAGES CAUSED BY OCCUPANTS. Damages to a housing unit or to other improvements within the project which are beyond normal wear and tear and are caused by the government or an occupant, his [sic] dependents, or invited guests, which are not

involved an agreement between an Alaska corporation and the Army Corps of Engineers to lease property located on Fort Wainwright in Fairbanks, Alaska. *North Star Alaska*, 30 Fed. Cl. at 265. The contractor submitted claims to the CO for compensation for vandalism damages that occurred while the government was occupying the property. *Id*. After the CO denied the contractor's claims, a complaint was filed in the Court of Federal Claims alleging breach of contract. *Id*. The court granted plaintiff's claim for remuneration because, inter alia, it found that when the Government chose to leave an area of the base open and unguarded, it assumed the risk that vandalism would be committed by malicious individuals that were able to enter the unguarded gates. *Id.* at 271.

The Court agrees with Plaintiff–and with the court's reasoning in *Arkansas Best*–that PPA interest is applicable where there is no objectively discernable dispute. *See Arkansas Best Freight Systems, Inc.*, 20 Cl. Ct. at 779. This issue raised by Plaintiff is similar to one addressed by the legislative drafters: "The Committee intends that any questions concerning the amount of an invoice or the performance of a contract be raised in good faith, in order to establish a bona fide dispute between the agency and the business concern involved." H.R. Rep. No. 461, 97th Cong., 2d Sess. 15, reprinted in 1982 U.S. Code Cong. & Ad. News 111, 125. However, the Court can find no basis for Plaintiff's implicit suggestion that the dispute raised by the Government was not justifiable or made in bad faith. As explained above, the contract provision relied upon in *North Star Alaska* was certainly not the same provision relied upon by the CO here in denying Plaintiff's claim and the Government was entitled to its interpretation. Accordingly, the Court finds that the Government's questioning its liability for the claim created an objectively discernable bona fide dispute.

Moreover, the CO's revocation of her previous decision and the fact that the Navy later paid the claim does not constitute an admission that there was no actual dispute. Despite Plaintiff's contention, the Court finds that there was a dispute over the Government's liability at the time it withheld payment for the vandalism damages. The CO's decision denying Laurelwood's claim clearly questioned the Government's underlying liability and therefore

---

> corrected by government or occupant, shall be repaired by the developer. The cost of such repairs shall be billed to the government . . . Repair of damages which occur to the units or other improvements that cannot be attributed to the government, his [sic] agents, officers, occupants, their dependents, or invited guests shall be accomplished by the developer at no cost to the government.

*North Star Alaska*, 30 Fed. Cl. at 269. In the instant case, the Real Estate CO denied the Plaintiff's claim based upon her reading of the following provision: "[t]he Developer shall in any event and without prejudice to any other rights of the Government bear responsibility for . . . malicious damage (other than Government-caused)." Am. Comp. ¶ 8.

demonstrated a "dispute between the head of an agency and a business concern over the amount of payment or compliance with the contract," subject to the CDA. 31 U.S.C. § 3907 (2000). As such, Plaintiff is entitled only to interest under the CDA and is precluded from receiving PPA interest.

## III. Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss Count I of the amended complaint. The Clerk is hereby directed to dismiss Count I with prejudice.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge